***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-12-0000642
11-JAN-2016
08:12 AM

SCWC-12-0000642

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

CRAIG A. GOMEZ,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000642; CASE NO. 1DTC-12-040907)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Craig A. Gomez seeks

review of the Intermediate Court of Appeals' (ICA) April 13,

2015 Judgment on Appeal, entered pursuant to its February 27,

2015 Summary Disposition Order, which vacated the District Court

of the First Circuit's (district court) June 20, 2012 Judgment

and remanded the case for a new trial.[1]  The district court found

Gomez guilty of Operating a Vehicle After License and Privilege

Have Been Suspended or Revoked for Operating a Vehicle Under the

Influence of an Intoxicant (OVLPSR-OVUII), in violation of

Hawai'i Revised Statutes § 291E-62 (2007 & Supp. 2010).

On certiorari, Gomez contends, inter alia, that the

ICA erred in holding that the district court properly permitted

the State to amend the charge against Gomez to allege the

required mens rea for the offense.  Gomez argues that the

defective charge rendered the district court without

jurisdiction over the case and, therefore, without jurisdiction

to permit the State to amend the charge.  We recently held in

State v. Schwartz that "the failure of a charging instrument to

allege an element of an offense does not constitute a

jurisdictional defect that fails to confer subject-matter

jurisdiction to the district court."  State v. Schwartz, No.

SCWC-10-0000199, 2015 WL 7370086, at *21 (Haw. Nov. 19, 2015).

Accordingly, the ICA correctly concluded that the district court

properly permitted the State to amend the charge.

We further conclude that Gomez's remaining claims lack

merit.

---

[1]     The ICA vacated the district court judgment and remanded the case for a new trial based on the district court's apparent erroneous reliance on a judgment of a prior conviction, filed January 24, 2012, in finding that Gomez's license was revoked at the time of the charged offense, which resulted in "uncertainty over whether the district court would have made the same finding based on other properly admitted evidence."

IT IS HEREBY ORDERED that the ICA's Judgment on Appeal is affirmed.

DATED:  Honolulu, Hawai'i, January 11, 2016.

James S. Tabe                    /s/ Mark E. Recktenwald
for petitioner
                                 /s/ Paula A. Nakayama
Brian R. Vincent
for respondent                   /s/ Sabrina S. McKenna

                                 /s/ Richard W. Pollack

                                 /s/ Michael D. Wilson